INHABITANTS OF WALDOBORO vs. INHABITANTS OF LIBERTY.

Lincoln.    Opinion December 21, 1900.

*Reform School.    Paupers.    Notice.    R. S., 1857, c. 143, § 20; 1883, c. 142, § 5.*

Revised Statutes, c. 142, provides that the town, from which a boy is committed to the reform school, shall be liable for his "expenses of clothing and subsistence" not exceeding one dollar a week.  Such town, when it has paid the amount to the reform school may recover it from the town in which the boy had his legal settlement.

No formal notice, as in cases of paupers, is required.  The town first paying may recover of the town of settlement, the amount paid, after demand of payment, limited only by the statute of limitations; but it cannot recover the costs of commitment.

*Jay v. Carthage*, 48 Maine, 353, distinguished.

AGREED STATEMENT.

Assumpsit under R. S., c. 142, § 5, to recover the sum of one dollar per week for the expense of clothing and subsistence of one George Barlow in the state reform school, from the date of the boy's commitment, June 2, 1893, to the date of the writ.

The case was submitted by the parties to the law court upon the following agreed statement of facts:—

"This is an action of assumpsit, brought under the provisions of R. S., c. 142, § 5.  George Barlow, the minor for whose clothing and subsistence at the state reform school the plaintiffs claim to recover in this action, was committed to the reform school by appropriate proceedings before a magistrate under § 3 of said chapter. It is admitted that the boy resided in Waldoboro at the time of his commitment, and had his pauper settlement in Liberty, the defendant town, at said time, and during the time for which plaintiffs claim to recover.  It is further admitted that the plaintiffs have paid the several amounts claimed in their writ, and aggregating the sum of two hundred and ninety dollars and eighty-six cents, up to the date of the writ, being one dollar per week from the time of said Barlow's commitment, which is agreed to be June 1, 1893, until the day of the date of the writ, and the expenses of commitment.

"It is further agreed that notice was given to the defendant town of the amount then paid to the superintendent of the reform school, on the twenty-second day of September, 1897, and that such notice was sufficient in form. The defendants admit their liability from June 22, 1897, being three months prior to the time of said notice, but claim that they are not liable for payments made prior to the last mentioned date. The plaintiffs admit that no notice was given prior to the date given, Sept. 22, 1897, and claim that none was necessary. It is further agreed that the amount paid by the plaintiffs to the reform school on account of said Barlow from June 22, 1897, to date of the writ is seventy-eight dollars.

"The question involved is accordingly hereby reported for the determination of the law court, as an agreed statement."

*O. D. Castner*, for plaintiff.

*Enoch Foster*, *O. H. Hersey; Arthur Ritchie*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

STROUT, J. George Barlow was committed to the reform school June 1, 1893. At that time his residence was in Waldoboro, but his pauper settlement was in Liberty.

Under the statute, Waldoboro, in the first instance, became liable to pay to the superintendent of the reform school "the expenses of clothing and subsistence" of the boy there, not exceeding one dollar a week. This has been paid by plaintiff town up to the date of the writ, and this suit is to recover the amount so paid from the defendant town.

Notice of the amount thus paid by plaintiff was given to the defendant on September 22, 1897. Liability since, and for three months prior to, that date is admitted, but denied as to all earlier amounts.

It is claimed that the town, in which his settlement is, can only be made liable by a written notice given to it, as in the case of a pauper; and that such notice creates a liability for expenses incurred subsequently, and for three months only prior thereto.

In support of this contention we are cited to cases involving the expense of persons committed to the insane hospital, which are claimed to be analagous. They are *Bangor* v. *Fairfield*, 46 Maine, 558; *Naples* v. *Raymond*, 72 Maine, 213, and *Bowdoinham* v. *Phippsburg*, 63 Maine, 497. These were cases where the persons committed were paupers at the time of commitment. The expenses there of such paupers might well be considered as pauper supplies; as much so, as if the town authorities had placed a pauper needing medical or surgical treatment in a private hospital, the expense of which would be regarded as pauper supplies.

In *Jay* v. *Carthage*, 48 Maine, 353, also cited by the defendant, the patient was not a pauper. There is a dictum in that case, that to authorize recovery, written notice must first be given to the town in which the settlement is, analagous to the notice required under the pauper law, under which antecedent expenses for three months and subsequent expenses may be recovered, as provided in case of paupers. The only authority cited is *Bangor* v. *Fairfield*, supra, which was the case of a pauper. The question of the necessity of the notice, as a condition of recovery, was not raised or discussed in that case by counsel, though the sufficiency of the notice given, was. The case cannot be considered as a decisive authority that such notice is an indispensable condition precedent to, and limiting the time for which, recovery may be had. Support, however, is given to the proposition by the language of the statute in force when that case was decided, which provided that the town from which the commitment was made may recover the amount it has paid from "the insane, if able, or of persons legally liable for his support, or of the town where his legal settlement is, *as if incurred for the ordinary expenses of any pauper.*" R. S., 1857, c. 143, § 20. This concluding phrase might well be regarded as adopting the mode and condition of recovery provided in c. 24 in regard to paupers.

The statute, R. S., c. 142, § 5, in regard to the reform school, contains no similar language. It has the plain provision that the town which has paid the expenses at the reform school of a boy committed from it, "may recover the money paid by them of the

parent, master or guardian of such boy, or of the city or town in which he has a legal settlement." There is no reference to the pauper law.

Commitment to the reform school, on conviction of an offense, does not make the boy committed a pauper—nor do the furnishing of sustenance to him by the State while he is there confined by it, have that effect.

No purpose designed to be subserved by the notice from a town furnishing pauper supplies, to the town of the pauper's settlement, fails, if no notice is given, in case of a boy in the reform school. Under the notice that a person has become chargeable as a pauper, the town liable may remove the pauper or make more economical provision for his support, or may on investigation ascertain that no pauper supplies have been furnished, if early notice of the claim is given.

But a boy in the reform school cannot be removed by the town, nor can it control the expense of his support, nor escape its payment up to the statute limit of one dollar a week, nor protect itself by allowing him to become self-supporting, as he might be, if of suitable age and at liberty.

It is not perceived that a notice to the town liable, such or similar to that required in case of paupers, can be of any possible service or benefit to the town liable. The statute does not provide for such notice, and being of no utility, if given, it seems unreasonable by construction, to read it into the statute. A demand of payment before suit brought is sufficient. This was done in this case.

The first item in plaintiff's account is cash paid for commitment, $12.61. The statute permits recovery for "the expenses of clothing and subsistence," and nothing more. This item, therefore, cannot be recovered.

The total amount paid by plaintiff up to the date of the writ is $290.86. Deduct $12.61 not recoverable, leaves $278.25 for which plaintiff is entitled to judgment.

*Judgment for plaintiff for $278.25*
*and interest from date of writ.*